UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **AMIR MAJIKE BEY** *also known as* **AMIR MAJIKE DEAS,** | : | |
| | : | |
| Petitioner, | | CIVIL ACTION NO. 1:11-1154 |
| | : | |
| v. | | (CONNER, D.J.) |
| | : | (MANNION, M.J.) |
| **COMMONWEALTH OF PENNSYLVANIA COUNTY OF UNION 17th DISTRICT** *Ex Rel: Earnest Ritter III*, | : | |
| | : | |
| Respondent. | : | |

## REPORT AND RECOMMENDATION[1]

On June 17, 2011, the petitioner filed a petition for writ of habeas corpus pursuant to 28 U.S.C. §2254. (Doc. No. 1). On July 5, 2011, the petitioner filed an application to proceed *in forma pauperis*. (Doc. No. 5). However, the petitioner failed to submit a certified copy of his inmate account along with his application to proceed *in forma pauperis*.

On July 12, 2011, this court issued an order instructing the petitioner to complete and return the appropriate application to proceed *in forma pauperis* as well as an account statement. (Doc. No. 6). However, on July 18, 2011, the

---

[1] For the convenience of the reader of this document in electronic format, hyperlinks to the court's record and to authority cited have been inserted. No endorsement of any provider of electronic resources is intended by the court's practice of using hyperlinks.

order was returned to the clerk as "undeliverable". (Doc. No. 7). As such, the docket indicates that the clerk re-mailed the order after obtaining additional information for the plaintiff's address. On July 28, 2011 the order was, again, returned to the clerk as "undeliverable." (Doc. No. 8). On August 24, 2011, through a phone conversation with Snyder County Prison, the court was informed that the plaintiff was released on July 7, 2011.

The plaintiff's failure to inform this court of a change of address constitutes a failure to prosecute this action and, therefore, this action is subject to dismissal pursuant to Fed. R. Civ. P. 41(b), which states in pertinent part: "If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it."

The Third Circuit has long held that Rule 41(b) does not prohibit the *sua sponte* dismissal of actions against a defendant.

> As was said in *Link v. Wabash R.R. Co.*, where the plaintiff argued that Fed. R. Civ. P. 41(b) by negative implication prohibits involuntary dismissal except on motion by the defendant, no restriction on the district court's power should be implied: "The authority of a court to dismiss *sua sponte* for lack of prosecution has generally been considered an 'inherent power,' governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases.

*Kenney v. Cal. Tanker Co.*, 381 F.2d 775, 777 (3d Cir. 1967) (quoting *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962)).

In the instant action, the court can not properly control its docket, move this action forward and properly protect the rights of all parties if the plaintiff fails to comply with orders issued by this court. Moreover, such conduct should not be condoned in light of the large prisoner dockets presently pending before the federal courts, all of which require prompt and thorough review.

Finally, since the plaintiff has failed to advise the court of a new address, and has made no contact with the court, it justifies dismissal of this action.

On the basis of the foregoing, **IT IS RECOMMENDED THAT**, the instant action be **DISMISSED** pursuant to Fed. R. Civ. P. 41(b).

s/ *Malachy E. Mannion*
**MALACHY E. MANNION**
**United States Magistrate Judge**

**DATE: August 25, 2011**
O:\shared\REPORTS\2011 Reports\11-1154-01.wpd

3